[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12067
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 07, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20989-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL LECHUGA PEREZ,
a.k.a. Tio,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 7, 2010)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Manuel Lechuga Perez appeals his convictions and sentence of 121 months

of imprisonment for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 846, and possession with intent to distribute between 500 grams and 5 kilograms of cocaine, id. §§ 841(a)(1), (b)(1). Lechuga challenges the sufficiency of the evidence to support his convictions and the amount of cocaine attributed to him. We affirm.

Lechuga argues that the government failed to present sufficient evidence to support his convictions for conspiracy to distribute and possession of cocaine, but we disagree. Substantial evidence supports Lechuga's convictions. Special agent Guillermo Aleman authenticated telephone conversations in which Lechuga's employer, Luis Mario Lara Estrada, referred to Lechuga as "Tio" or "uncle" and discussed Lechuga's role in retrieving and delivering cocaine and money in different drug transactions. In one conversation, Estrada told a purchaser, Cuajo, to expect a delivery of five kilograms of cocaine, and in a conversation with another cohort on July 27, 2009, Estrada complained about paying Lechuga because he was not helping prepare for the delivery to Cuajo the next day. On July 28, 2009, agents surveilled Estrada's house and saw a person hand what appeared to be a heavily-loaded backpack to Estrada, follow Estrada into his house, and leave the house carrying an envelope. Later, Lechuga placed the backpack in Estrada's car and accompanied Estrada to deliver the contents of the

2

backpack. Aleman and another agent pretended to be corrupt police officers and stopped Estrada's car. After Estrada consented to a search of his car, agents seized the backpack, which contained 4.979 kilograms of cocaine, and released Estrada and Lechuga. Later, agents recorded telephone calls between Estrada, his supplier, and Cuajo in which Estrada complained that the agents had stolen five kilograms of cocaine. After agents arrested Lechuga, he admitted that the backpack contained "something illegal," but he did not know its specific contents. Lechuga also admitted that he had retrieved packages from Norberto Dominguez, who purchased cocaine from Estrada, and left the packages "on [Estrada's] doorstep." The district court did not err by denying Lechuga's motion for a judgment of acquittal.

Lechuga also argues, for the first time on appeal, that the district court erroneously attributed to him five kilograms of cocaine based on the jury's special verdict, but this argument fails. The district court based its decision on its "recollection of what [the] testimony or evidence was," and the evidence established that Lechuga intended to deliver to Cuajo five kilograms of cocaine. Lechuga argues that he is responsible only for the 4.979 kilograms that agents seized, but "[i]n an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the

3

offense level" when the "sale is [not] completed." United States Sentencing Guidelines Manual § 2D1.1 cmt. n.12 (2009). The district court did not plainly err in sentencing Lechuga.

We **AFFIRM** Lechuga's convictions and sentence.